# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50522

United States Court of Appeals
Fifth Circuit

**FILED**
February 27, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

RUEL HAWKINS,

      Defendant - Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 6:13-CR-178

Before STEWART, Chief Judge, and SOUTHWICK and COSTA, Circuit Judges.

PER CURIAM:*

    Ruel Hawkins performed oral sex on his 18-year old niece. Because this act took place at a park within the jurisdiction of Fort Hood, he was charged with the federal crime of abusive sexual contact. *See* 18 U.S.C. § 2244(b). Appealing his conviction after a bench trial, Hawkins contends that offense

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50522

requires proof that he believed the sexual contact occurred without the victim's permission, proof which he believes is absent in his case.

The testimony at trial, viewed in the light most favorable to the guilty verdict, included the following: On August 5, 2013, at around 4:00 a.m., 54-year old Hawkins sent a text message to his niece asking if she wanted to exercise that morning. Although the two had worked out at the Fort Hood gym just days earlier, Hawkins falsely informed his niece that the gym had not opened. Instead, Hawkins proposed the more isolated Belton Lake Recreational Area. She agreed to go with him, and Hawkins picked her up about an hour later.

It was still dark when they arrived. Hawkins suggested they start with abdominal exercises. He told his niece to lay on her back and move her legs up and down "like scissors." When she became sore, she allowed Hawkins to massage her stomach. He then moved his hand into her pants. She said, "Uncle Ruel, I don't think you should be doing that." Hawkins then pulled her underwear back and performed oral sex on her for about five seconds.

His niece jumped up, grabbed her phone, and quickly walked away. She felt scared and began crying. Hawkins ran after her, apologizing and asking her to come back. Fearful, she started running. She flagged down a passing truck and told the driver, "my uncle just molested me."[1]

The driver called police, who arrested Hawkins. Later that day, Hawkins met with Agent Daniel Chadwick and gave a statement after waiving his *Miranda* rights. In that statement, Hawkins denied touching his niece in any sexual manner.

The government charged Hawkins with violating 18 U.S.C. § 2244(b), which makes it illegal in the territorial jurisdiction of the United States to

---

[1] Hawkins is related to his niece by marriage (her aunt's husband).

2

No. 14-50522

"knowingly engage[] in sexual contact with another person without that person's permission."   Hawkins elected to have a bench trial and chose to testify.  On the stand, Hawkins admitted that he lied to Agent Chadwick and recounted a very different story than the one he told the day of the incident. In this version, Hawkins admitted that he touched his niece's vagina and performed oral sex on her but only because she asked him to do so.  The district court returned a guilty verdict.

At trial, Hawkins never argued that the government was required to prove that he knew he lacked permission to engage in the sexual contact.. However, in a post-trial motion for bond pending appeal, Hawkins claimed that the statute does require this knowledge and the government failed to prove it. The district court denied his motion, assuming without deciding that Hawkins was correct about the statute but holding that the evidence established satisfied any such *mens rea* requirement.

Hawkins's appeal thus raises two questions:  Does a conviction under Section 2244(b) require proof that the defendant knew the sexual contact took place without the victim's permission?  If so, did that proof exist in Hawkins's case?

No court of appeals has addressed whether the knowledge element of Section 2244(b) applies to the victim's lack of permission.  As a grammatical matter, Hawkins concedes that "knowingly" modifies "engages in sexual contact" rather than the phrase "without that person's permission."   But Hawkins asks us to follow the approach of *United States v. X-Citement Video, Inc.*, 513 U.S. 64 (1994).  In that case, the Supreme Court found a *mens rea* requirement that lacked grammatical support in a child pornography statute because of the presumption that "a scienter requirement . . . appl[ies] to each of the statutory elements that criminalize otherwise innocent conduct." *Id.* at 71–72.  The government responds that legislative history supports the plain

3

language of Section 2244(b), *see United States v. Chatman,* 2008 WL 2127947, at \*2 (D. Or. May 20, 2008), as do comparable state sexual assault statutes that do not require knowledge as to consent in similar circumstances.

The Second Circuit faced similar arguments in a Section 2244(b) case, but found it unnecessary to resolve the statutory question because sufficient evidence supported the conviction even assuming a *mens rea* requirement applied to the "without that person's permission" element. *See United States v. Cohen*, 2008 WL 5120669, at \*2 (2d Cir. Dec. 8, 2008). The same is true in Hawkins's case.

Substantial evidence exists from which the trier of fact could have found beyond a reasonable doubt that Hawkins knew he did not have his niece's permission to engage in sexual contact. And contrary to Hawkins's argument that any such holding is speculative because a finding on this issue was not made below, the district court reached this exact conclusion when it denied the motion for bond pending appeal, stating that "the trial record clearly established that the Defendant knew that he did not have permission to engage in sexual contact with victim." We agree.

For starters, his niece never gave Hawkins permission to touch her in a sexual way, strong evidence that Hawkins knew he lacked permission to do so. *See, e.g., Cohen*, 2008 WL 5120669, at \*2 (finding the lack of permission probative of the defendant's knowledge that he lacked permission). Second, his niece immediately said "I don't think you should be doing that," conveying to Hawkins that he did not have permission to touch her sexually. Third, his niece jumped up and ran away shocked and crying, providing evidence that she had a nonpermissive demeanor during the encounter. Hawkins counters these points by parsing his niece's words and proof of her demeanor, arguing that she equivocated by saying "should" and pointing to physical evidence that allegedly undercuts her testimony. But the district court did not credit

Hawkins's interpretation of the evidence, and given that we must view all evidence to favor the verdict, we will not either.

In many cases, establishing any one of the aforementioned facts may be enough to support a finding beyond a reasonable doubt that the defendant knew the sexual contact took place without the victim's permission, but here there is even more. The familial relationship and vast age difference between Hawkins and his niece cast serious doubt on his claim that he thought he had her permission to engage in sexual contact. *See, e.g.*, *Cohen*, 2008 WL 5120669, at \*2 (holding that the circumstances surrounding the defendant and victim's relationship were probative of knowledge). And Hawkins's deceptive plan—tricking his niece into going to an isolated area early in the morning by lying about the gym being closed—indicates that he knew his behavior would not meet with approval. That he apologized right after the incident further establishes his guilty state of mind. So does the fact that he initially denied any sexual contact took place, only to change his story at trial by admitting that it did occur but he thought it was consensual. All this evidence more than establishes Hawkins's guilt beyond a reasonable doubt even assuming the statute includes the *mens rea* requirement he advocates.

The conviction therefore is AFFIRMED.